**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TERRENCE WILLIAMS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Case No. 1:26-cv-00667-SAG** |
| | * | |
| **WALMART INC.,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

************

## MEMORANDUM OPINION

Plaintiff Terrence Williams ("Plaintiff"), who is self-represented, filed this lawsuit in state court against Defendants Walmart Inc. and Wal-Mart Associates, Inc (collectively "Walmart"). The case proceeded in state court for some time, but after Plaintiff filed an Amended Complaint increasing the amount in controversy, Walmart removed the lawsuit to this Court, ECF 1, citing diversity jurisdiction. Plaintiff has now filed a motion to remand the case to state court. ECF 8. Walmart opposed the motion, ECF 16, and Plaintiff filed a reply, ECF 17. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Plaintiff's Motion to Remand will be denied.[1]

### I.    LEGAL STANDARD

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Other cases are reserved to the state courts.

---

[1] Also pending is a motion to seal records containing protected health information, ECF 2. That unopposed motion will be granted.

1

When a case is removed to federal court, courts "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Receivership Est. of Mann Bracken, LLP v. Cline*, Civ. No. RWT-12-0292, 2012 WL 2921355, at *2 (D. Md. July 16, 2012) (internal quotation marks omitted) (quoting *Stephens v. Kaiser Found. Health Plan of the Mid–Atl. States, Inc.*, 807 F. Supp. 2d 375, 378 (D. Md. 2011)). As the Fourth Circuit has explained, "The burden of establishing federal jurisdiction is placed upon the party seeking removal. Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). Nevertheless, because the decision to remand is largely unreviewable, district courts should be cautious about denying a defendant access to a federal forum. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F. Supp. 913, 914–15 (D. Md. 1997).

## II.    ANALYSIS

As the party seeking removal, Walmart bears the burden of establishing federal jurisdiction. *Burrell v. Bayer Corp.*, 918 F.3d 372, 380–81 (4th Cir. 2019). Here, Walmart relies on diversity jurisdiction. The federal diversity jurisdiction statute allows federal courts to exercise original jurisdiction over civil actions between "citizens of different States" "where the matter in controversy exceeds . . . $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, which "means that no plaintiff may share a citizenship with any defendant." *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 352 (4th Cir. 2020).

The citizenship analysis is somewhat complicated in this case by the intricate corporate structure of Walmart's entities. But there are just two named corporate defendants: Walmart Inc. and Wal-Mart Associates, Inc. (which Plaintiff misspelled as "Walmart Associates, Inc." in the

Amended Complaint.). Both are corporations, and "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Walmart Inc. is incorporated in the state of Delaware and has its principal place of business in Arkansas. Wal-Mart Associates, Inc. (which Plaintiff named as "Walmart Associates, Inc." in the Amended Complaint), is also incorporated in the state of Delaware and maintains a principal place of business in Arkansas.

Walmart asserts in its opposition, however, that the "correct operating entity" is not Walmart Inc. but Wal-Mart Stores East, LP. ECF 16 at 4 n.1. That entity is not a corporation, so this Court must assess the citizenship of all of its members for diversity purposes. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016). The two owners of Wal-Mart Stores East, LP are WSE Management, LLC and WSE Investment, LLC, both Delaware limited liability companies. The sole member of both WSE Management, LLC and WSE Investment, LLC is Walmart Inc. Because that entity, again, is incorporated in Delaware with a principal place of business in Arkansas, Wal-Mart Stores East, LP shares citizenship in those states for diversity jurisdiction purposes.

Because Plaintiff is a Maryland resident (and not a resident of Delaware or Arkansas), there is complete diversity between Plaintiff and Walmart Inc., Wal-Mart Associates, Inc., and Wal-Mart Stores East, LP. Plaintiff raises a number of additional arguments that are simply inapposite to the diversity analysis. First, the affiliate entities and financial interests that must be disclosed pursuant to Local Rule 103.3 do not impact the citizenship of the relevant defendant entities. Second, because Walmart Inc. is a corporation, § 1332(c)(1) does not require consideration of the citizenship of its shareholders or its registered agents. Third, although Plaintiff's Amended Complaint identifies "Walmart.com USA, LLC" as a trade name for Walmart Inc., Walmart

explains that they are two separate entities. Thus, Walmart.com USA, LLC's membership need not be considered to assess diversity jurisdiction. Finally, while Plaintiff suggests a possible intent to amend his complaint later to add additional individual defendants once he discovers some additional information, ECF 17 at 4, this Court must consider the present Amended Complaint to determine whether complete diversity exists at the time of removal, not speculate about potential future iterations.

Plaintiff's other arguments are similarly unpersuasive. His arguments regarding faulty service and filing issues can be or have been rectified and would not invalidate an otherwise valid removal. And his contention that Walmart's removal was untimely fails because diversity jurisdiction requires an amount in controversy exceeding $75,000. Plaintiff first sought damages in excess of that amount in his Amended Complaint on February 4, 2026, and Walmart filed its Notice of Removal within 30 days, on February 18, 2026. Removal, then, was both timely and appropriate.

## III.    CONCLUSION

For the reasons set forth above, the Motion to Seal, ECF 2, will be GRANTED and Plaintiff's Motion to Remand, ECF 8, will be DENIED. A separate Order is filed herewith.

Dated:  March 30, 2026                                             /s/
                                                         Stephanie A. Gallagher
                                                         United States District Judge

4