**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TERRENCE WILLIAMS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. EA-26-667** |
| **WALMART INC.,** | * | |
| **Defendant.** | * | |

**MEMORANDUM ORDER**

On August 22, 2025, Plaintiff Terrence Williams, who is self-represented, initiated this action in the Circuit Court for Baltimore County, Maryland, in which he asserts breach of contract and consumer-protection related claims against Defendant Walmart Inc., doing business as Walmart.com USA, LLC, doing business as WalMart Associates, Inc. (Walmart). ECF Nos. 1-2; 4.  On February 18, 2026, Walmart removed the case to this Court on the basis of diversity jurisdiction.[1]  ECF No 1.  With the parties' consent, this case was referred to the undersigned for all proceedings on April 23, 2026.  ECF Nos. 25, 27–28; 28 U.S.C. § 636(c); Local Rule 301.4 (D. Md. Dec. 1, 2025).  Pending before the Court is Mr. Williams' motion for third-party subpoenas, which is fully briefed.[2]  ECF No. 29.  No hearing is necessary.  Local Rule 105.6.

Local Rule 102.3, which governs the issuance of subpoenas in self-represented cases, provides that "[t]he Clerk shall not issue any subpoena under Fed. R. Civ. P. 45(a)(3) to any self-represented litigant without first obtaining an order from the Court authorizing the issuance of

---

[1]  The Court denied Plaintiff Terrance Williams' motion to remand the case to the Circuit Court for Baltimore County, Maryland.  ECF Nos. 8; 18–19.

[2]  No opposition has been filed to the instant motion and the time for doing so has expired.  Local Rule 105.2(a) (D. Md. Dec. 1, 2025).

the subpoena."  Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  The broad sweep of discovery under the federal rules is cabined only by relevance and proportionality.  *Virginia Dep't of Corr.* v. *Jordan*, 921 F.3d 180, 188 (4th Cir. 2019); *Victor Stanley, Inc.* v. *Creative Pipe, Inc.*, 269 F.R.D. 497, 523 (D. Md. 2010), *aff'd in part, modified in part*, Civil Action No. MJG-06-2662, 2010 WL 11747756 (D. Md. Nov. 1, 2010) ("[A]ll permissible discovery must be measured against the yardstick of proportionality.").  Further, the Federal Rules of Civil Procedure require that reasonable steps be taken to avoid imposing undue burden or expense on the recipient of a subpoena.  Fed. R. Civ. P. 45(d)(1).  Here, Mr. Williams seeks to subpoena documents and records from five third-party entities.  These proposed subpoenas are approved with two exceptions.

First, Mr. Williams' first proposed subpoena seeks to have the Bala Family Practice produce, among other things:

> 5.  All call logs, phone records, and communication logs for the office of Dr. Srirwillam H. Balasubramanian at Bala family Practice for the period August 23, 2025[,] through September 5, 2025, sufficient to show <u>all incoming and outgoing calls and</u> whether any call was received from or made to the Walmart Pharmacy at 645 S. Philadelphia Blvd., Aberdeen, Maryland 21001.

ECF No. 29-2 at 7 (emphasis added).[3]  Mr. Williams' request for "all incoming and outgoing calls" is overbroad and calls for the production of potentially sensitive health-care related information of non-parties.  This request will therefore be modified to strike the underlined text above ("all incoming and outgoing calls and").

---

[3]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system (CM/ECF) system printed at the top of the cited document.

Second, Mr. Williams' fifth proposed subpoena seeks to have the Maryland Board of

Pharmacy produce, among other things:

> 2. All publicly available Final Disciplinary Actions taken by the Board against the Walmart Pharmacy located at 645 S. Philadelphia Blvd., Aberdeen, Maryland 21001, for the period January 1, 2018[,] through the date of production, including the date of each action, the nature of the violation, and the sanction imposed.
>
> 4. All publicly available Final Disciplinary Actions taken by the Board against any of the Relevant Pharmacists for the period January 1, 2015[,] through the date of production, including the date of each action, the nature of the violation found, and the sanction imposed.
>
> 5. All publicly available Final Disciplinary Actions taken by the Board against any pharmacist employed at the Walmart Pharmacy located at 645 S. Philadelphia Blvd., Aberdeen, Maryland 21001, for the period January l, 2018[,] through the date of production.
>
> 6. Any public notice, press release, or published order issued by the Board relating to the Walmart Pharmacy located at 645 S. Philadelphia Blvd., Aberdeen, Maryland 21001, or any pharmacist employed there, for the period January 1, 2018[,] through the date of production.

ECF No. 29-6 at 6–7.  The duration of Mr. Williams' requests for all Final Disciplinary Actions,

which span more than eight years (and more than eleven years in one instance), is overly broad,

poses an undue burden, and is not proportionate to the needs of the case.  *In re Bunce*, Civil

Action No. TDC-18-3821, 2020 WL 1331911, *3 (D. Md. Mar. 23, 2020); *see also* Local Rule

102.3 (the Court may refuse to authorize issuance of the subpoena if it concludes that the

subpoena imposes undue burden or expense on the person subject to the subpoena).  Mr.

Williams will be permitted to seek Final Disciplinary Actions as set forth in the fifth proposed

subpoena for a period of five years.  Mr. Williams is directed to revise his first and fifth proposed

subpoenas in accordance with this Order.

Mr. Williams also seeks to have the United States Marshal serve his proposed subpoenas.

ECF No. 29 at 1.  Mr. Williams initiated this action in state court where he was granted *in forma*

3

*pauperis* status.  ECF No. 1-8.  Based on the financial information on record with this Court, and consistent with the finding of the Circuit Court for Baltimore County, Maryland, Mr. Williams is granted *in forma pauperis* status in this Court.  ECF No. 1-8; *Jordan* v. *Carter*, 719 F. Supp. 3d 775, 778 (S.D. Ohio) (state court's grant of *in forma pauperis* status to plaintiff "continued apace" after removal to federal court), *amended on reconsideration*, 739 F. Supp. 3d 647 (S.D. Ohio 2024); *see also* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal [from state court] shall remain in full force and effect until dissolved or modified by the district court.").

In light of the foregoing, it is hereby ORDERED that:

1.  Mr. Williams' motion for the issuance of third-party subpoenas (ECF No. 29) is GRANTED IN PART and DENIED IN PART.

2.  Mr. Williams is GRANTED *in forma pauperis* status;

3.  The Clerk is directed to issue Mr. Williams' second, third, and fourth proposed subpoenas (ECF Nos. 29-3; 29-4; 29-5); and

4.  Mr. Williams is directed to resubmit his first and fifth proposed subpoenas (ECF Nos. 29-2; 29-6) consistent with this Memorandum Order within 14 days.

Date:  May 29, 2026

_____/s/_____
Erin Aslan
United States Magistrate Judge