**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TERRENCE WILLIAMS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. EA-26-667** |
| **WALMART INC., *et al.*,** | * | |
| **Defendants.** | * | |

**MEMORANDUM ORDER**

On August 22, 2025, Plaintiff Terrence Williams, who is self-represented, filed suit in the Circuit Court for Baltimore County, Maryland, in which he alleges negligence, consumer protection, intentional infliction of emotional distress, and other claims against Defendants Walmart Inc. and Wal-mart Associates, Inc. (collectively, Walmart).[1] ECF Nos. 1–2; 4–5. On February 18, 2026, Walmart removed the case to this Court on the basis of diversity jurisdiction.[2] ECF No. 1. Pending before the Court are Mr. Williams' motions to compel and for a protective order, each of which is fully briefed.[3] ECF Nos. 41, 47–49. No hearing is necessary. Local Rule 105.6 (D. Md. Dec. 1, 2025).

---

[1] This Court's Case Management/Electronic Case Files (CM/ECF) system identifies the Defendant in this action as "Walmart, Inc. *doing business as* Walmart.com USA, LLC *doing business as* Walmart Associates, Inc." The Amended Complaint, however, adds "Walmart Associates, Inc." as a second defendant. ECF No. 5. Defendants clarified in their opposition to the motion for a protective order, as well as in previous filings, that the correct name of the second Defendant is "Wal-mart Associates, Inc." ECF Nos. 16, 48; *see also* ECF No. 18 (denying Plaintiff Terrence Williams' motion to remand the case). The Clerk of the Court is directed to update CM/ECF to reflect the names of both Defendants.

[2] With the consent of the parties, the case was referred to the undersigned for all proceedings on April 23, 2026. ECF Nos. 25, 27–28; 28 U.S.C. § 636(c); Local Rule 301.4 (D. Md. Dec. 1, 2025).

[3] No opposition has been filed to the motion to compel compliance with a subpoena and the time for doing so has expired. Local Rule 105.2(a).

On June 6, 2025, Mr. Williams filed suit against Walmart in this Court alleging violations of federal and state law arising from a series of online orders and Walmart's closure of his account. ECF No. 1 (SAG-25-1810). On August 6, 2025, the Court granted Mr. Williams' motion to voluntarily dismiss his claims with prejudice because the parties had reached a settlement agreement. ECF Nos. 10–11 (SAG-25-1810). On August 22, 2025, Mr. Williams filed the instant action, alleging that Walmart failed to restore his Walmart+ membership despite having paid the membership fee twice. ECF No. 4 ¶¶ 9, 11; *see also* ECF No. 5.

On May 29, 2026, the undersigned granted in part and denied in part Mr. Williams' motion for the issuance of subpoenas. ECF Nos. 29, 33. The undersigned subsequently approved Mr. Williams' revised subpoena to the Bala Family Practice, which Mr. Williams now moves to enforce. ECF Nos. 34–35, 41. Mr. Williams contends, in pertinent part, that the Bala Family Practice has "failed to produce three categories of requested documents."[4] ECF No. 41 at 1, 3–4, 6–7.[5] Yet, Mr. Williams filed with the Court correspondence reflecting that the Bala Family Practice has "provided to [Mr. Williams] every document requested available to us." ECF No. 45-6. Mr. Williams also filed an Application for Statement of Charges in which an individual purporting to be a Bala Family Practice representative asserted that Mr. Williams has "continued asking for additional information which is not available." ECF No. 45-7 at 5. Because the existing record reflects that the Bala Family Practice has produced to Mr. Williams all available responsive documents, Mr. Williams' motion to compel will be denied.

---

[4] The Bala Family Practice tendered a business record certification with their responsive documents. ECF No 41-3 at 2. Mr. Williams contends that this certification does not comport Federal Rule of Evidence 902(11), an evidentiary rule that may be used to facilitate the presentation of evidence at trial. ECF No. 41 ¶¶ 14–16. Yet, the federal rule governing the subpoenas does not reference Rule 902(11), much less require that a subpoena recipient produce a Rule 902(11) certification. Fed. R. Civ. P. 45(e) (outlining duties in responding to a subpoena).

[5] Page numbers refer to the pagination of the Court's CM/ECF system printed at the top of the cited document.

Mr. Williams also seeks a protective order with respect to Walmart's non-party subpoenas that seek medical, mental health, and worker's compensation records. ECF No. 47. Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Notwithstanding the broad scope of discovery, Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party moving for a protective order must set forth a specific reason for the protective order and bears the burden of establishing good cause. *E.g.*, *Minter* v. *Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124-125 (D. Md. 2009) (Gauvey, J.). "Although its good cause requirement creates a rather high hurdle for proponents, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Baron Fin. Corp.* v. *Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (internal quotation marks and citation omitted).

Rule 45 governs the issuance of subpoenas, including subpoenas to produce documents. *See* Fed. R. Civ. P. 45. It is settled that the "scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Rule 26." *In re Emp't Background Investigations, Inc.*, Civil Action No. ELH-17-1850, 2017 WL 3722836, at *4 (D. Md. Aug. 29, 2017) (internal citation omitted). "A more demanding variant of the proportionality analysis . . . applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified." *Virginia Dep't of Corr.* v. *Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iv)). As the Court of Appeals for the Fourth Circuit has explained, non-parties "are 'strangers' to the litigation, and since they have 'no dog in [the] fight,' they have 'a different set of expectations' from the parties themselves." *Id.* (quoting *Cusumano* v. *Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (alteration in original)).

Accordingly, "courts must give the recipient's nonparty status 'special weight,' leading to an even more 'demanding and sensitive' inquiry than the one governing discovery generally." *Id.* (quoting *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005)). A court must quash or modify a subpoena that, as relevant here, "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv).

"Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States* v. *Idema*, 118 Fed. Appx. 740, 744 (4th Cir. 2005); *see also Campbell* v. *Mbah*, 350 F.R.D. 600, 604-605 (D. Md. 2025) (Crawford, J.) ("The 'general rule [is] that a party lacks standing to challenge a subpoena issued to a third-party except when the party has some interest (personal, proprietary, privilege, or so forth) in the information sought.'") (alteration in original) (quoting *Eichenwald* v. *Rivello*, 321 F. Supp. 3d 562, 564 (D. Md. 2018)). This Court has found that a party has an interest in, and thus standing to challenge, non-party subpoenas that seek confidential materials related to the challenging party. *E.g.*, *M.R. by & through N.R.* v. *Tajdar*, Civil Action No. TDC-17-3836, 2019 WL 3323207, at *2 (D. Md. July 24, 2019) (Day, J.) (medical records); *Papanicolas* v. *Project Execution & Control Consulting, LLC*, Civil Action No. CBD-12-1579, 2015 WL 1242755, at *1 (D. Md. Mar. 17, 2015) (employment records). Mr. Williams therefore has standing to challenge the subpoenas.

Mr. Williams states that his claims relate to Walmart's cancellation of his prescription for Ozempic on August 5, 2025. ECF No. 47 ¶ 11; *see also* ECF No. 5 ¶¶ 6, 14–27. Mr. Williams "does not dispute that some pre-incident medical records are relevant" and posits that the "medical treatment relevant to this case involves his Type 2 diabetes diagnosis . . . and the treatment and complications arising from the medication interruption caused by Defendant's

pharmacy error." ECF No. 47 ¶¶ 11, 13. Mr. Williams raises several objections to the subpoenas, including: (1) Walmart's request for "complete copy of any and all records" for the past 20 years is both overbroad and disproportionate (*id.* at ¶¶ 4, 12); (2) records related to his "pre-existing mental health conditions" are not relevant and are protected by privilege and statute (*id.* at ¶ 14); (3) the subpoena for worker's compensation records should be quashed because Mr. Williams "has not filed any workers' compensation claim arising from the subject occurrence or at any time relevant to this lawsuit" (*id.* at ¶ 17); and (4) the CVS Caremark subpoena should be limited to prior authorization records for his Ozempic prescriptions during a two-month timeframe (*id.* at ¶ 18). Each argument is addressed in turn below.

First, Walmart "has no objection to . . . limiting its subpoenas to the five-year period preceding the subject incident." ECF No. 48 at 3. Mr. Williams asserts in his motion that six months is appropriate but then argues in favor of a three-year period in his reply. ECF Nos. 47 ¶ 13; 49 ¶¶ 1–4. All parties acknowledge that the undersigned previously limited Mr. Williams' non-party subpoenas to a period of five years. ECF Nos. 33 at 3; 48 at ¶ 3; 49 ¶¶ 1, 3. Those subpoenas, however, did not call for the production of medical and mental health records, which the Confidentiality of Medical Records Act, Md. Code Ann., Health-Gen. § 4-301, *et seq*., makes confidential by statute. The parties' filings do not provide sufficient information to determine the appropriate temporal limitation in the context of this case. That will be a subject for discussion at the October 5, 2026, discovery conference.

Second, Mr. Williams' mental health records are relevant to the claims and defenses in this action. Mr. Williams alleges an intentional infliction of emotional distress claim and seeks damages for emotional distress, anxiety, and mental anguish. ECF No. 5 ¶¶ 68–73 & p. 10. Further, in support of the relief he seeks, Mr. Williams states that his pre-existing mental health conditions were "aggravated by the events at issue." ECF No. 47 ¶ 14. Mr. Williams has

therefore squarely placed his mental condition in controversy. *Vasconcellos* v. *Cybex Int'l, Inc.*, 962 F. Supp. 701, 708 (D. Md. 1997) (plaintiff placed her mental state at issue by alleging "emotional injuries," "severe emotional distress," and asserting a claim for intentional infliction of emotional distress); *see also Marshall* v. *University of Maryland Med. Ctr.*, Civil Action No. TDC-17-2779, 2018 WL 6521195, at *3 (D. Md. Dec. 12, 2018) (Gallagher, J.), *report and recommendation adopted*, 2019 WL 13472370 (D. Md. Mar. 14, 2019) (mental health records necessary to defend against claims seeking, among other things, emotional distress damages).

Mr. Williams contends that his mental health records are protected by psychotherapist-patient privilege. ECF No. 47 ¶ 15; *Jaffee* v. *Redmond*, 518 U.S. 1 (1996). To assert the psychotherapist-patient privilege, which "must be strictly construed," *United States* v. *Bolander*, 722 F.3d 199, 222 (4th Cir. 2013), Mr. Williams must establish that the communications he claims to be protected "were made (1) confidentially (2) between a licensed psychotherapist and her patient (3) in the course of diagnosis or treatment." *Richardson* v. *Sexual Assault/Spouse Abuse Res. Ctr., Inc.*, 764 F. Supp. 2d 736, 739 (D. Md. 2011) (internal quotation marks and citation omitted); *see also Brooks* v. *Saint Charles Hotel Operating, LLC*, Civil Action No. DLB-23-208, 2024 WL 3370580, at *4–8 (D. Md. Feb. 12, 2024) (Aslan, J.) (discussing the psychotherapist-patient privilege). The privilege may be expressly or impliedly waived. *Bolander*, 722 F.3d at 223. Courts have found an implied waiver where the holder of the privilege has placed their "mental condition at issue in the case." *Richardson*, 764 F. Supp. 2d at 739 (internal quotation marks and citation omitted). Here, Mr. Williams has not carried his burden of demonstrating either the applicability of the privilege or the absence of waiver.

Mr. Williams also asserts that his mental health records are confidential under Maryland law. ECF No. 47 ¶ 15. Maryland's Confidentiality of Medical Records Act provides that "mental health records are generally confidential and 'not discoverable or admissible as evidence in any

criminal, civil, or administrative action' unless an exception outlined in the statute applies." *Hoff* v. *Perez*, No. 1280, Sept. Term 2025, 2026 WL 1133398, at *10 (Md. App. Ct. Apr. 27, 2026) (quoting Md. Code Ann., Health-Gen. § 4-307). One such exception is when "a court order" directs the disclosure to "a party to a court . . . proceeding," but not "compulsory process compelling disclosure." Md. Code Ann., Health-Gen. § 4-307(k)(1)(iv). Further, where the patient has not authorized disclosure, "only the information in the record relevant to the purpose for which disclosure is sought may be released." Md. Code Ann., Health-Gen. § 4-307(c). Thus, "unlike other types of medical records that may be disclosed to a third party by subpoena," to obtain mental health records where the patient, or party in interest, has not authorized the disclosure, the party seeking the records "must file a motion for a court order compelling the disclosure." *Saint Luke Inst., Inc.* v. *Jones*, 471 Md. 312, 334, 345 (2020). The motion "must establish a 'need to inspect'—in other words, 'a reasonable possibility that review of the records would result in discovery of usable evidence.'" *Id.* at 345. "With the relevancy proffer and any objections presented to the court, the court should undertake an *in camera* review of the records to determine their relevance to the moving party's claim or defense," and enter an order authorizing the disclosure of any relevant records. *Id.* at 347. Walmart has not followed these procedures. Nor has it substantively engaged with these statutory provisions or explained in a meaningful manner why they do not apply. ECF No. 48 at 6; *see also Kane* v. *Lewis*, Civil Action No. AMD-08-1157, 2009 WL 10681966, at *4 (D. Md. May 6, 2009) (Bredar, J.) (observing that "state law privileges . . . come into consideration when state law supplies the rule of decision on an element of a claim or defense"). To be sure, as noted, some of Mr. Williams' mental health records will be relevant to the claims, defenses, and potential damages in this action. Nevertheless, the subpoenas that call for the production of mental health records are procedurally deficient and overbroad.

Third, Mr. Williams' unsupported assertion that there are no responsive records is an inadequate basis on which to challenge the worker's compensation subpoena. As Walmart correctly argues, the subpoenaed records may contain "evidence concerning prior injuries, medical conditions, claimed disabilities, [and] periods of incapacity." ECF No. 48 at 6. Even if the records do not exist, a response verifying their nonexistence would still be relevant. To the extent Mr. Williams advances an undue burden argument on behalf of the subpoena recipient, he lacks standing to do so.

Fourth, Mr. Williams requests that the CVS Caremark Corporation subpoena be limited to "prior authorization records relating to [his] Ozempic prescriptions," from August 1, 2025, through September 30, 2025. ECF No. 47 ¶ 18. Walmart did not address this request in its opposition and has therefore conceded the issue. ECF No. 48; *Kimbrough* v. *Mayor & City Council of Baltimore*, Civil Action No. BAH-25-2187, 2026 WL 2124003, at *4 (D. Md. July 23, 2026); *Kulish* v. *Rite Aid Corp.*, Civil Action No. ELH-11-3178, 2012 WL 6532414, at *8 (D. Md. Dec. 13, 2012).

In light of the foregoing, it is hereby ORDERED that:

1. Mr. Williams' motion to compel (ECF No. 41) is DENIED;
2. Mr. Williams' motion for a protective order (ECF No. 47) is GRANTED IN PART and DENIED IN PART;
3. The Clerk of the Court is directed to update the docket to add Wal-mart Associates, Inc. as a defendant; and
4. The Court will hold a virtual discovery conference October 5, 2026, at 3:00 pm.

IT IS SO ORDERED.

Date: September 30, 2026

/s/
Erin Aslan
United States Magistrate Judge